UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY BERHOLTZ, <br><br> Plaintiff, <br><br> v. <br><br> P4 MEDITECH ANALYTICS, LLC, and PARIND PAREKH, <br><br> Defendants. | Case No.: 3:20-cv-02507-WQH-AHG <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONDUCT DISCOVERY** <br><br> **[ECF Nos. 13, 17]** |

Before the Court is Plaintiff Randy Berholtz's ("Plaintiff") Motion to Conduct Discovery. ECF Nos. 13, 17. Plaintiff seeks certain discovery from Defendants P4 Meditech Analytics and Parind Parekh (collectively, "Defendants") to inform his forthcoming motion for default judgment. *Id*. For the following reasons, the Court **GRANTS IN PART** Plaintiff's motion.

I.   **BACKGROUND**

On May 15, 2020, Plaintiff and Defendants entered into a consulting agreement in which Defendants agreed to pay Plaintiff $12,500 per month for his services and a bonus of $.01 for each Covid-19 test kit Defendants sold while Plaintiff was retained as a consultant. ECF No. 1 at ¶ 5; ECF No. 17-2 at 7. After Defendants failed to make payments

under the consulting agreement, the parties entered into a settlement agreement, where Defendants agreed to pay Plaintiff $15,000 by October 27, 2020, and an additional $18,250 by October 31, 2020. ECF No. 17-2 at 9. Plaintiff retained "the right to disregard the terms of th[e] [settlement] [a]greement if the defendants breach any of its terms and commence legal action under the consulting agreement." *Id.* at 10. After Defendant failed to make payments under the settlement agreement, on December 26, 2020, Plaintiff brought an action against Defendants for breach of contract and fraud, for failure to make payment under the consulting agreement. ECF No. 1. Plaintiff contends that he is currently owed $32,500 for his monthly compensation, less $9,500 already paid, plus the amount due for tests sold by Defendants. *Id.* at ¶¶ 7, 18.

On March 24, 2021, Defendant P4 Meditech Analytics executed a waiver of service (ECF No. 4), making its answer due on May 24, 2021. *See* ECF No. 5-2 at 1 (request sent on March 24, 2021); FED. R. CIV. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent"); FED. R. CIV. P. 12(a)(1)(A)(ii) ("if service of the summons has been timely waived under Rule 4(d), within 60 days after the date when the request for waiver was sent"). On April 28, 2021, Defendant Parekh executed a waiver of service (ECF No. 7), making his answer due on June 28, 2021. *See* ECF No. 7 at 2 (request sent on April 27, 2021); FED. R. CIV. P. 4(d)(3); FED. R. CIV. P. 12(a)(1)(A)(ii); *see also* FED. R. CIV. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Neither defendant filed an answer to the complaint, and on July 17, 2021, Plaintiff requested that the clerk of court enter default. ECF Nos. 9, 10, 11; *see* FED. R. CIV. P. 55(a). On July 22, 2021, the clerk of court entered the default of each of the defendants.

ECF No. 12.

In his Motion to Conduct Discovery for Default Judgment, Plaintiff seeks an order from the Court permitting discovery on the issue of damages and extending the deadline to file his motion for default judgment by six months. ECF No. 13 at 2–3. Plaintiff contends that, though he estimates the amount due for tests sold is $200,000 (*see* ECF No. 1 at ¶ 7), he needs discovery to establish the precise amount to which he is entitled. ECF No. 13 at 2 ("plaintiff does not have sufficient information to determine the sales component of damages and needs to conduct discovery to ascertain that sum"); ECF No. 17 at 2 (Defendants "failed to provide any accounting to Plaintiff of what sales they made during the relevant time period, and Plaintiff has no way of determining the compensation he is owed for the sales of products"). For example, though Plaintiff had been told that Defendants sold two million test kits and two million masks, Plaintiff represents that he has seen other documents referencing sales of 20 million boxes of gloves. ECF No. 17 at 2. Thus, to adequately calculate damages, Plaintiff seeks discovery regarding Defendants' sales and revenue data, as well as Defendants' financial account information, accounting records, and bank statements. *Id*. at 2–3.

## II.     DISCUSSION

Entering a default judgment is a two-step process. FED. R. CIV. P. 55(a)–(b); *see Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Prior to entry of default judgment, there must be an entry of default. *See* FED. R. CIV. P. 55. Upon entry of default, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the defaulting party. FED. R. CIV. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). After default has been entered, a motion for default judgment must be filed and "[t]he district court's decision whether to enter a default

judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 660–61 (S.D. Cal. 1997) ("A defendant's default does not automatically entitle plaintiff to judgment"); *see Starbuzz Tobacco, Inc. v. Addison Specialty Serv., Inc.*, No. 13-cv-1539-MMA-KSC, 2015 U.S. Dist. LEXIS 186331, at *6–*7 (S.D. Cal. July 29, 2015) (denying damages award when plaintiff had not moved for default judgment against a defendant after clerk's entry of default). Pursuant to this district's Civil Local Rules, a party must move for default judgment within 30 days of the entry of default. CivLR 55.1.[1]

In the context of default judgment, "[i]t is well-established that a plaintiff must independently 'prove-up' the amount of damages sought in the complaint." *Oakley, Inc. v. Moda Collections, LLC*, No. SACV-19-160-JLS-JCGx, 2016 WL 7495835, at *2 (C.D. June 9, 2016). "The court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to: ... (B) determine the amount of damages; ... or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2); *but see* FED. R. CIV. P. 54(c) ("A judgment by default shall not be different in kind or exceed in amount that prayed for in the [complaint]"). Although a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) ... [unless] authorized by these rules, by stipulation, or by court order," *see* FED. R. CIV. P. 26(d)(1), "pursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of default." *Oakley*, 2016 WL 7495835, at *2; *see, e.g.*, *Twitch*

---

[1] The Court notes that default was entered in this case on July 22, 2021 (ECF No. 12), making Plaintiff's motion for default judgment due on August 23, 2021. CivLR 55.1 On August 18, 2021, however, the Court extended the deadline, to be "reset it in its order regarding the pending [discovery] motion." ECF No. 14.

*Interactive v. Johnston*, No. 16-cv-3404-BLF, 2017 WL 1133520, at *2–*4 (N.D. Cal. Mar. 27, 2017) ("Good cause [for discovery] may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages" because the plaintiff "ha[d] been prevented from participating in a Rule 26(f) conference and from obtaining discovery from Defendants"); *see generally Obeidallah v. Anglin*, No. 2:17-cv-720, 2018 WL 6715372, at *2–*5 (S.D. Ohio Dec. 21, 2018) (thoroughly describing many circuits' approaches regarding pre-default judgment discovery, and permitting limited discovery to aid default judgment motion).

In the instant motion, Plaintiff contends that he is entitled to actual damages incurred from Defendants' failure to make payment under the consulting agreement and that he has no means of accurately calculating those damages. ECF No. 17 at 2. Specifically, Plaintiff argues he requires discovery to assess the true amount of damages incurred from the nonpayment of the $.01 royalty for each test Defendants sold. ECF No. 13 at 2; ECF No. 17 at 2. Courts have permitted limited discovery in analogous circumstances. *See, e.g.*, *Nutrition Distrib. LLC v. IronX LLC*, No. 17-cv-839-JLS-JMA, 2017 WL 4391709, at *1–*2 (S.D. Cal. Oct. 3, 2017) (collecting cases and permitting discovery to ascertain defendant's profits and plaintiff's damages for forthcoming default judgment motion); *Twitch Interactive*, 2017 WL 1133520, at *2–*4 (granting discovery related to defendant's "alleged unlawful activities and the revenue generated by those activities" because it was "reasonably calculated to lead to evidence in support of a motion for default judgment and a request for damages [since plaintiff] cannot conduct traditional discovery as the [defendant] refused to participate in this action [and default had been entered]"); *Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 WL 354754, at *2–*3 (E.D. Va. Jan. 27,

2016) (collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages" for forthcoming default judgment motion in a trade secrets action involving breach of contract and breach of fiduciary duty claims); *see cf. CAO Lighting, Inc. v. Lights of Am., Inc.*, No. 5:20-cv-2367-AB-SP, 2021 WL 3376936, at 5-6 (C.D. Cal. Apr. 8, 2021) (permitting limited discovery after default judgment was granted to determine the amount of damages); *Oakley*, 2016 WL 7495835, at *7–*8 (permitting limited discovery after default judgment was granted to support plaintiff's request for injunctive relief and to ascertain the existence and amount of damages.).

In light of the lack of information about Defendants' sales and, therefore, Plaintiff's damages, the Court agrees that limited discovery is warranted here. Good cause appearing, the Court **GRANTS IN PART** Plaintiff's motion. However, the Court finds that four months, rather than the requested six months, will be sufficient to ascertain the true amount of damages. Plaintiff may conduct the discovery set forth in his supplemental briefing (*see* ECF No. 17 at ¶ 2) and must file his Motion for Default Judgment no later than **January 31, 2022**.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's Motion to Conduct Discovery on the issue of damages. ECF Nos. 13, 17. Plaintiff must file his Motion for Default Judgment, in accordance with District Judge William Q. Hayes's Civil Pretrial Procedures, no later than **January 31, 2022.**

**IT IS SO ORDERED.**

Dated:  September 30, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge